## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.,<br><br>        Plaintiff,<br>    v.<br><br>TUCKER COMPANY WORLDWIDE, INC.,<br><br>        Defendant. | Adv. Proc. No. 25-50214 (KBO) |

## ANSWER AND AFFIRMATIVE DEFENSES OF TUCKER COMPANY WORLDWIDE, INC. TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFER PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Tucker Company Worldwide, Inc. ("Tucker" or "Defendant") by and through its undersigned counsel, hereby answers the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. D.I. 1] (the "Complaint"), filed by George L. Miller, in his capacity as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") in the above-captioned adversary proceeding, and hereby states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

## NATURE OF ACTION[2]

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property of the Debtors that occurred during the ninety-day period before the commencement of the above-captioned chapter 7 cases (the "Preference Period") pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

**ANSWER: The allegations in paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 1 are denied.**

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors in the chapter 7 cases, notwithstanding whether any such claim previously has been subject to objection or allowed in full or in part by stipulation or prior order of the Court.  Plaintiff does not waive, but hereby reserves, all of his and the Debtors' rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**ANSWER: The allegations in paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 2 are denied.**

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

---

[2] Use of Plaintiff's headers is for convenience only and is not an admission by Defendant in any way.

**<u>ANSWER</u>: The allegations in paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 3 are denied.**

4.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders herein.

**<u>ANSWER</u>: The allegations in paragraph 4 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 4 are denied.**

5.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.

**<u>ANSWER</u>: In response to the allegations in paragraph 5, Defendant states that, pursuant to Local Bankruptcy Rule 7008-1, Defendant consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.**

6.      Venue is proper in this District pursuant to 28 U.S.C. §1409.

**<u>ANSWER</u>: The allegations in paragraph 6 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 6 are denied.**

7.      Personal jurisdiction exists over Defendant because Defendant conducted business in the United States, directed activities toward the Debtors in the United States, and/or the Transfers (as defined below) at issue occurred in the United States.

**<u>ANSWER</u>: The allegations in paragraph 7 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 7 are denied.**

8.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

**ANSWER**: **The allegations in paragraph 8 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 8 are denied.**

### THE PARTIES

9.      Plaintiff is the chapter 7 trustee in the Debtors' chapter 7 cases, as appointed by the Office of the United States Trustee on or about February 23, 2023 (the "Petition Date").  Plaintiff maintains an office at 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103.

**ANSWER: Admitted.**

10.     As the chapter 7 trustee for the Debtors' estates, Plaintiff has the authority to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors and litigate affirmative claims of and object to claims asserted against the Debtors pursuant to 11 U.S.C. § 704.

**ANSWER**: **The allegations in paragraph 10 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 10 are denied.**

11.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for one or more of the Debtors prior to the Petition Date, as more fully disclosed herein.

**ANSWER: Admitted.**

### BACKGROUND

12.     On the Petition Date, each of the Debtors commenced a voluntary case under chapter

7 of the Bankruptcy Code.  The Debtors' chapter 7 cases are being jointly administered for procedural purposes under the caption *In re Akorn Holding Company LLC, et al.*, Case No. 23-10253 (KBO).

**ANSWER: Admitted.**

13.     Before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.  The Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors no longer operate their business, and Plaintiff is in the process of liquidating the Debtors' assets.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, which pertain to the business of the Debtors. They are therefore denied.**

14.     The Debtors maintained at least five bank accounts at Bank of America, N.A. (the "Bank Accounts"). Between November 25, 2022 and February 23, 2023 (the "Preference Period"), the Debtors continued to operate their businesses and, in connection therewith, make disbursements or other transfers of property, whether by checks, cashier's checks, wire transfers, ACH transfers, direct deposits, or otherwise to various entities for goods and services used to purportedly facilitate their business operations.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, which pertain to the business of the Debtors. They are therefore denied.**

15.     Upon information and belief, Defendant provided goods or services to one or more of the Debtors at varying times before the Petition Date.  Prior to the Petition Date, Defendant and one or more of the Debtors were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements").  The Agreements concerned and related to the goods or services provided by Defendant to one or more of the Debtors as described herein.

**ANSWER: With respect to the allegations in paragraph 15, Defendant states that the Agreements are written documents, the contents of which speak for themselves. Defendant respectfully refers the Court to the Agreements for a true and complete recitation of their contents. To the extent a response is required, the allegations are denied.**

16.     According to the Bank Accounts, the Debtors made one or more transfers of an interest of the Debtors' property through payments aggregating not less than $291,195.02 to Defendant during the Preference Period (the "Transfer" or "Transfers").  The Transfers were for goods or services provided by Defendant, and made pursuant to invoices or statements submitted by Defendant reflecting such goods or services previously provided, and, as a result, Plaintiff is seeking to avoid the Transfers.  The Transfers are more fully set forth on **Exhibit A** attached hereto.

**ANSWER: With respect to the allegations in paragraph 16, Defendant admits only that it received the Transfers identified in paragraph 16 and on Exhibit A to the Complaint, but denies any implication that the Transfers are avoidable and denies any liability with respect to the Transfers.**

17.     In December 2024, Plaintiff, through counsel, sent a demand letter to Defendant,

seeking a return of the Transfers (the "Demand Letter").  The Demand Letter detailed each of the Transfers by providing transferor, transferee, transfer date, check number (where applicable), transfer type (i.e. wire, check, etc.), and transfer amount.

**ANSWER: With respect to the allegations in paragraph 17, Defendant admits that it received the Demand Letter on or about December 2024, and respectfully refers the Court to the Demand Letter for a true and complete recitation of its contents. To the extent a response is required, the allegations are denied.**

18.     The Demand Letter also indicated that potential statutory defenses may be available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support such defenses, it provide this evidence to Plaintiff so he could review same prior to filing the Complaint.

**ANSWER: With respect to the allegations in paragraph 18, Defendant admits that it received the Demand Letter on or about December 2024, and respectfully refers the Court to the Demand Letter for a true and complete recitation of its contents. To the extent a response is required, the allegations are denied.**

19.     Plaintiff has also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.  As part of that due diligence and where reasonably available, Plaintiff or his professionals reviewed the Debtors' books and records in his possession applicable to the Defendant.  Notwithstanding, Defendant ultimately bears the burden of proof under section 547(g) of the Bankruptcy Code as to any defenses available under section 547(c).  Any applicable consideration that the Trustee gave to Defendant's defenses are based on data gleaned from the Debtors' books and records available and applicable to each Defendant, which calculations may be subject to adjustment or otherwise conflict with Defendant's records.

Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to any defenses under section 547(c).

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, which pertain to Plaintiff's purported internal due diligence evaluation of the defenses that are purportedly available to Defendant. The remaining allegations in paragraph 19 constitute conclusions of law, to which no response is required. To the extent a response is required, those allegations are denied.**

20.    Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, which pertain to Plaintiff's purported internal due diligence evaluation of the defenses that are purportedly available to Defendant. The remaining allegations in paragraph 20 constitute conclusions of law, to which no response is required. To the extent a response is required, those allegations are denied.**

21.    During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to or for the benefit of Defendant during or before the Preference Period that are avoidable under sections 547 or 548 of the Bankruptcy Code. Plaintiff intends to avoid and recover all such transfers made to or for the benefit of Defendant or any other transferee during the Preference Period. Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers (as

defined below), (ii) additional transfers made during or before the Preference Period, (iii) additional defendants, (iv) modifications of or revision to Defendant's name, and (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intends for any such Amendments to relate back to this Complaint.

**ANSWER: The allegations in paragraph 21 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

22.      During the Preference Period, the Debtors (i) began to fall behind on payments to their vendors, but continued to incur debts that the Debtors were unable to pay as they came due, (ii) had outstanding liabilities that exceeded the Debtors' assets, and (iii) had insufficient capital, and insufficient access to capital, to continue operating their businesses.  Indeed, the Debtors' schedules of assets and liabilities show that at least as of the Petition Date, their liabilities vastly outsized their assets. *See* D.I.[3] 70 (showing $0.00 in assets against $5,651,500.04 in liabilities for Debtor Akorn Holding Company LLC, Case No. 23-10253); D.I. 72 (showing $0.00 in assets against $181,111,238.42 in liabilities for Debtor Akorn Intermediate Company LLC, Case No. 23-10254); D.I. 74 (showing $222,690,796.15 in assets against $313,431,159.74 in liabilities for Debtor Akorn Operating Company LLC, Case No. 23-10255).

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, which pertain to the business of the Debtors. They are therefore denied.**

23.      During the pendency of the chapter 7 cases, the Court entered orders authorizing the sale of substantially all of the Debtors' non-litigation assets.  Following these sales, the Trustee

---

[3] Any references to "D.I." herein refer to the docket in Case No. 23-10253.

sought, and obtained, authority to make an interim distribution to holders of allowed unsecured claims against the Debtors, which interim distribution provided such creditors with a 19.2% recovery on their respective claim amounts. *See* D.I. 1000 at ¶ 12; D.I. 1023.

**ANSWER**: **With respect to the allegations in paragraph 23, Defendant admits that the Court entered the referenced orders authorizing the sale of substantially all of the Debtors' non-litigation assets, and respectfully refers the Court to those orders for a full and complete recitation of its contents. Defendant further admits that the Court entered the referenced orders authorizing an interim distribution to holders of allowed unsecured claims against the Debtors, and respectfully refers the Court to those orders for a full and complete recitation of its contents. To the extent a response is required, the remaining allegations in paragraph 23 are denied.**

24.     Upon information and belief, based on Plaintiff's liquidation of the Debtors' non-litigation assets and the projected recoveries from the Debtors' litigation assets, general unsecured creditors will not be paid in full in the chapter 7 cases.

**ANSWER**: **The allegations in paragraph 24 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.**

**CLAIMS FOR RELIEF**
**COUNT I**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**: **Defendant incorporates all preceding paragraphs as if set forth at length herein.**

26.     During the Preference Period, the transferring Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than $291,195.02, as more fully identified on **Exhibit A**.

**ANSWER: With respect to the allegations in paragraph 26, Defendant admits only that it received the Transfers identified in paragraph 26 and on Exhibit A to the Complaint, but denies any implication that the Transfers are avoidable and denies any liability with respect to the Transfers.**

27.     The Transfers were paid from one or more of the Bank Accounts described *supra*, and constituted transfers of an interest in property of the Debtors.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and/or these allegations constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

28.     Defendant was a creditor of the Debtors at the time each Transfer was made by virtue of supplying goods or services, as described herein and in the Agreements, for which the Debtors were obligated to pay in accordance with the Agreements.

**ANSWER: The allegations in paragraph 28 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

29.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied one or more debts then owed by the applicable Debtor to Defendant.

**ANSWER: The allegations in paragraph 29 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

30.     Each Transfer to Defendant was made for or on account of an antecedent debt owed by the applicable Debtor to Defendant before such Transfer was made, as asserted by Defendant

and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) held by Defendant against the applicable Debtor.

**ANSWER: The allegations in paragraph 30 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

31.     Each Transfer was made while the Debtor to which such Transfer relates was insolvent.  Plaintiff is entitled to the presumption that the Debtors were insolvent during the Preference Period, pursuant to 11 U.S.C. § 547(f).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31, which pertain to the Debtors' solvency.  They are therefore denied.  The remaining allegations in paragraph 31 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

32.     Each Transfer was made during the Preference Period.  *See* **Exhibit A**.

**ANSWER: With respect to the allegations in paragraph 32, Defendant admits only that it received the Transfers identified on Exhibit A during the Preference Period.  Defendant denies that the Transfers are avoidable and further denies that it has any liability with respect to the Transfers.**

33.     Each Transfer enabled Defendant to receive more than Defendant would have received if: (i) the Debtors' estates were liquidated through proceedings under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

**ANSWER: The allegations in paragraph 33 constitute conclusions of law to which no**

**response is required.  To the extent a response is required, the allegations are denied.**

34.     Plaintiff has conducted reasonable due diligence given the circumstances of the case and has taken into account Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).  Plaintiff also issued the Demand Letter before filing this Complaint in order to resolve the substance of the Complaint and/or to engage Defendant in discussions regarding the Transfers, including procuring any additional records to help substantiate such defenses.  As of the filing of this Complaint, Defendant has not remitted the amount of the Transfers to Plaintiff.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34, which pertain to Plaintiff's purported internal due diligence evaluation of the defenses that are purportedly available to Defendant.  Defendant admits that it received the Demand Letter on or about December 2024, and respectfully refers the Court to the Demand Letter for a true and complete recitation of its contents. To the extent a response is required, the allegations are denied.**

35.     By reason of the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**ANSWER: The allegations in paragraph 35 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

### COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER: Defendant incorporates all preceding paragraphs as if set forth at length herein.**

37.     To the extent one or more of the Transfers identified on **Exhibit A** cannot be avoided under section 547 of the Bankruptcy Code because, *inter alia*, such Transfer was not made on account of an antecedent debt or was a prepayment for goods and/or services subsequently

received, Plaintiff pleads in the alternative that such Transfer (a "<u>Fraudulent Transfer</u>") is avoidable under section 548 of the Bankruptcy Code as:

    a.   the Fraudulent Transfer was a transfer of an interest in property of the Debtors;

    b.   the Fraudulent Transfer was made within two (2) years prior to the Petition Date;

    c.   the Fraudulent Transfer was made to or for the benefit of Defendant;

    d.   the Debtor making such Fraudulent Transfer received less than reasonably equivalent value in exchange for such Fraudulent Transfer; and

    e.   the Debtor making such Fraudulent Transfer:  (i) was insolvent on the date such Fraudulent Transfer was made or became insolvent as a result of such Fraudulent Transfer, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; or (iii) intended to incur, or believed it would incur, debts beyond such Debtor's ability to pay as such debts matured. *See supra*, ¶ 21.

**<u>ANSWER</u>: The allegations in paragraph 37 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

38.    By reason of the foregoing and in the alternative to Count I, the Transfers constitute constructive fraudulent transfers, which should be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

**<u>ANSWER</u>: The allegations in paragraph 38 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

**<u>COUNT III</u>**
**(Recovery of Property – 11 U.S.C. § 550)**

39.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**: **Defendant incorporates all preceding paragraphs as if set forth at length herein.**

40.     Plaintiff is entitled to avoid the Transfers under sections 547(b) and/or 548 of the  Bankruptcy Code, as applicable.

**ANSWER: The allegations in paragraph 40 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

41.     Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

**ANSWER: The allegations in paragraph 41 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

42.     Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover  from Defendant the full amount of each Transfer, as set forth in **Exhibit A**.

**ANSWER: The allegations in paragraph 42 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

### COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**: **Defendant incorporates all preceding paragraphs as if set forth at length herein.**

44.     Defendant is a transferee of Transfers avoidable pursuant to sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

**ANSWER: The allegations in paragraph 44 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.**

45.     Defendant has not paid the amount of the Transfers, or turned over such property,

for which Defendant is liable under section 550 of the Bankruptcy Code.

**ANSWER: With respect to the allegations in paragraph 45, Defendant admits only that it has not returned or repaid the transfers to the Debtors or their estates but denies any implication that Defendant's retention of the transfers is improper. Defendant further denies that the transfers are avoidable and denies any liability with respect to the transfers.**

46.     Pursuant to sections 502(d) and (j) of the Bankruptcy Code, and irrespective of whether any order or stipulation allowing Defendant's claims has been approved by the Court, any claims held by Defendant in the chapter 7 cases must be disallowed, and if previously allowed, allowance must be reconsidered, until such time as Defendant returns amounts equal to the aggregate amount of the Transfers, plus interest thereon and costs.

**ANSWER: The allegations in paragraph 46 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.**

WHEREFORE, Plaintiff prays for judgment as follows:

(a)     For a determination that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, as applicable, and that Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

(b)     For a determination that, in the alternative, the Transfers are avoidable under 11 U.S.C. § 548, as applicable, and that Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

(c)     Disallowing any claims filed by, or scheduled in favor of, Defendant under 11 U.S.C. § 502(d) and (j);

(d)     Awarding Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

(e)    For such other and further relief as the Court may deem just and proper.

**ANSWER: The allegations in Plaintiff's prayer for relief constitute Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendant denies the allegations in Plaintiff's prayer for relief, including that Plaintiff is entitled to any relief.**

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), made applicable by Fed. R. Bankr. P. 7008, for its Affirmative Defenses, Defendant states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied to the extent that any of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or release, estoppel (including, without limitation, equitable estoppel and judicial estoppel), *res judicata*, and/or laches and unclean hands.

### THIRD AFFIRMATIVEDEFENSE

The relief sought in the Complaint should be denied to the extent that any of Plaintiff's claims are barred by the doctrines of setoff, payment, and/or recoupment, including, without limitation, Defendant's right of setoff pursuant to 11 U.S.C. § 553 or as prescribed by applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date, because such payments were, in whole or in part, in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, and such transfers were made in the ordinary course of business or financial affairs of the Debtor

and the Defendant or were made according to ordinary business terms, pursuant to 11 U.S.C. § 547(c)(2).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date, because such payments were, in whole or in part, intended by the Debtor and Defendant to be a contemporaneous exchange for new value given to the Debtor, and were in fact a substantially contemporaneous exchange pursuant to 11 U.S.C. § 547(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date, because such payments were, in whole or in part, to or for the benefit of Defendant, and to the extent that, after such payments, Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant, pursuant to 11 U.S.C. § 547(c)(4).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date, because Plaintiff is unable to show that Defendant received more because of the transfers than it would have in a hypothetical chapter 7 liquidation, pursuant to 11 U.S.C. § 547(b)(5).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date to the extent that the Debtors did not in fact make such payments as alleged.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant because such payments were made in exchange for reasonably equivalent value, pursuant to 11 U.S.C. § 548(a)(1)(B).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant because such payments were not made at a time when the Debtors (i) were insolvent, and the Debtors did not become insolvent as a result of the payments; (i) were engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or (iii) intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured, pursuant to 11 U.S.C. § 548(a)(1)(B).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant because Defendant received those payments in good faith and gave value to the Debtors in exchange for such payments, pursuant to 11 U.S.C. § 548(c).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date, because such payments were, in whole or in part, made pursuant to the underlying Interline Trust Doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any payments made to Defendant during the 90 days preceding the Petition Date, because such payments were, in whole or in part, intended by the Debtors for the Defendant to serve as a mere intermediary with no dominion, control, or possessory interest in the Transfers.  The mere conduit defense bars any alleged liability of Defendant to the Debtors.

## RESERVATION OF RIGHTS

Defendant reserves the right to raise additional defenses as they become known to Defendant, or as they may become available to Defendant during these proceedings, consistent with applicable law, including without limitation, Federal Rule of Civil Procedure 8(c), made applicable by Federal Rule of Bankruptcy Procedure 7008(c).

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that: (i) judgment be entered in its favor and against Plaintiff on each and every one of the foregoing counts, together with an award of Defendant's costs and attorneys' fees incurred; (ii) the Complaint be dismissed with prejudice; and (iii) the Court award Defendant such other and further relief as is just and proper under the circumstances.

Dated: August 11, 2025

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

 _/s/ Kevin M. Capuzzi_
Kevin M. Capuzzi (DE No. 5462)
Juan E. Martinez (DE No. 6863)
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Email: kcapuzzi@beneschlaw.com
          jmartinez@beneschlaw.com

*Counsel to Tucker Company Worldwide, Inc.*

## CERTIFICATE OF SERVICE

I, Kevin M. Capuzzi, Esq., hereby certify that on August 11, 2025, I caused a true and correct copy of the foregoing pleading to be served via CM/ECF and via electronic mail to counsel of record listed below:

Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
**SAUL EWING LLP**
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

*Special Counsel to Plaintiff*

Dated: August 11, 2025                    **BENESCH, FRIEDLANDER,**
      Wilmington, Delaware                    **COPLAN &ARONOFF, LLP**

By:  */s/ Kevin M. Capuzzi*
      Kevin M. Capuzzi (DE No. 5462)