**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.,<br><br>Plaintiff,<br>v.<br><br>TUCKER COMPANY WORLDWIDE, INC.,<br><br>Defendant. | Adv. Proc. No. 25-50214 (KBO)<br><br>**RE: A.D.I. 19** |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendant Tucker Company Worldwide, Inc. ("Tucker"), by and through its undersigned counsel, submits this statement in support of its Motion for Summary Judgment. Tucker believes that there is no genuine dispute with respect to the following material facts:

**PROCEDURAL BACKGROUND**

1.    On February 23, 2023 (the "Petition Date"), each of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") filed voluntary petitions of relief under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code").

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

29022035

2.      On February 12, 2025, George L. Miller, in his capacity as the Chapter 7 Trustee (the "Plaintiff") commenced this adversary proceeding against Tucker and filed his *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint"). [A.P. Docket No. 1].[2] By his complaint, Plaintiff seeks to recover payments made to Tucker by the Debtors during the 90-day period prior to the Petition Date from November 25, 2022 to February 23, 2023 (the "Preference Period") in the amount of $291,195.02 (the "Transfers").

3.      On June 11, 2025, the Court entered the *Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total Amount in Controversy Greater Than $75,000.00 Brought by Plaintiff Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code* [A.P. Docket No. 6] (the "Procedures Order").

4.      On July 11, 2025, Tucker served its disclosures pursuant to Bankruptcy Rule 7026(a)(1) and Fed. R. Civ. P. 26(a)(1). [A.P. Docket No. 12]. On July 11, 2025, Plaintiff also served his disclosures pursuant to Bankruptcy Rule 7026(a)(1) and Fed. R. Civ. P. 26(a)(1). [A.P. Docket No. 13].

5.      On August 11, 2025, Tucker filed its *Answer and Affirmative Defenses of Tucker Company Worldwide, Inc. to Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502*. [A.P. Docket No. 15].

6.      Pursuant to the Procedures Order, as extended by consent of Plaintiff and Tucker, all fact and expert discovery was to be concluded by July 6, 2026.

---

[2]    The term "A.P. Docket No." refers to filings in the above-referenced adversary proceeding no. 25-50214 (KBO).

7.      Pursuant to the Procedures Order, as extended by consent of Plaintiff and Tucker, all dispositive motions shall be filed and served by August 4, 2026.

<u>**FACTUAL BACKGROUND**</u>

**A. The Debtors**

8.      Before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. Complaint ¶ 13. The Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. *Id.*

9.      Prior to the Petition Date, Tucker and one or more of the Debtors were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "<u>Agreements</u>"). Complaint ¶ 15. The Agreements concerned and related to the goods or services provided by Tucker to one or more of the Debtors as described herein. *Id.*

**B. Course of Business Between the Debtors and Tucker**

10.     Tucker and the Debtors did business for several years prior to the Petition Date. Tucker Decl.[3] ¶ 6. In the course of their business relationship, Tucker acted as a logistics services provider and an agent between the Debtors and shipping carriers, negotiated freight rates, ensured the Debtors received the best price possible and reviewed invoices issued by the Debtors' shipping carriers to ensure they were correctly issued. Tucker Decl. ¶6.

---

[3]     References to "Tucker Decl. ¶ __" are to the *Declaration of James Tucker in Support of Tucker Company Worldwide, Inc.'s Motion for Summary Judgment* filed contemporaneously herewith.

11.     During the Preference Period, the Debtors' payments averaged 49 days from the invoice date. Tucker's Ordinary Course of Business Analysis is hereto attached as Appendix 2. Tucker Decl. ¶ 7.

12.     During the one-year period prior to the start of the Preference Period from November 25, 2021 to November 25, 2022 (the "Historical Period"), the Debtors' payment averaged 38 days from the invoice date. Tucker Decl. ¶ 8; Appendix 2.

13.     The Debtors' payments to Tucker during the Historical Period averaged $3,230.20. Tucker Decl. ¶ 9; Appendix 2. During the Preference Period, the Debtors' payments to Tucker averaged $3,333.21. Tucker Decl. ¶ 9; Appendix 2.

14.     During the Preference Period, Tucker continued to ship goods to the Debtors. Tucker Decl. ¶ 10. In total, Tucker provided services valued at $203,648.51 to the Debtors during the Preference Period. Tucker Decl. ¶ 10. These services remained unpaid as of the Petition Date. Tucker Decl. ¶ 10. Evidence of the new value provided by Tucker to the Debtors is attached as Appendix 3.

15.     Tucker did not exert any unusual collection pressure on the Debtors during the Preference Period. Tucker Decl. ¶ 11. Tucker did not, for example, demand shorter payment terms or COD terms. Tucker Decl. ¶ 11. Tucker did not threaten to sue the Debtors or have its attorneys call the Debtor in order to obtain payment on past due invoices. Tucker Decl. ¶ 11. In the years prior to the Petition Date, the Debtors would typically pay Tucker's invoices with ACH transfers, with some transfers paying for multiple invoices. Tucker Decl. ¶ 11.

16.     Finally, in its capacity as a freight broker for the Debtors, Tucker obtained independent carriers to transport goods for the Debtors as needed.  Tucker Decl. ¶ 12. The Debtors would notify Tucker if they had a load of goods to be delivered to a particular destination.  Tucker

Decl. ¶ 12. Tucker would obtain an independent carrier from its database to transport the goods for the Debtors.  Tucker Decl. ¶ 12. The Debtors were the shipper or consignee on such shipments. Tucker Decl. ¶ 12.

17.    The Debtors would tender the goods directly to the carrier, along with an appropriate Bill of Lading.  Tucker Decl. ¶ 13. Upon completion of the work, the individual carriers would submit invoices associated with the Debtors' shipping activity to Tucker and Tucker would, in turn, submit invoices to the Debtors.  Tucker Decl. ¶ 13. The Debtors would send Tucker money (*i.e.,* the Transfers), which Tucker would then distribute to carriers to settle their open carrier invoices and a portion of the Transfers would cover Tucker's fee. Tucker Decl. ¶ 13.

Dated: August 4, 2026

**BENESCH, FRIEDLANDER,**
   **COPLAN & ARONOFF LLP**

 */s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (DE No. 5462)
Juan E. Martinez (DE No. 6863)
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Email: kcapuzzi@beneschlaw.com
        jmartinez@beneschlaw.com

*Counsel to Tucker Company Worldwide, Inc.*